## C. E. KNOWLTON v. CHICAGO & NORTHWESTERN RAILWAY COMPANY.[1]

June 23, 1911.

Nos. 17,112—(175).

**Negligence of carrier — arbitrary apportionment of damage.**

In an action for damages caused by defendant's negligence, the plaintiff must show the extent of injury and resulting damage attributable to the defendant's negligent acts. If the evidence shows only that three concurring causes produced an aggregate loss, and it appears that the defendant was not responsible for one cause producing a substantial part of the loss, the jury cannot arbitrarily apportion a part of the proven damages to the causes for which the defendant is responsible.

Action in the municipal court for Minneapolis to recover $500 damages to five carloads of cattle caused by negligence in transportation. The answer admitted the delivery to defendant of five carloads of cattle; alleged that the cattle were duly transported to Chicago with reasonable speed and dispatch, and were there delivered in accordance with the terms of consignment. The reply was a general denial. The case was tried before Leary, J., and a jury which re-

1 Reported in 131 N. W. 858.

turnéd a verdict in favor of plaintiff for $350. From an order denying defendant's motion for a new trial, it appealed. Reversed.

*Brown, Abbott & Somsen,* for appellant.

*Stiles & Devaney,* for respondent.

,SIMPSON, J.

ι The plaintiff brought this action to recover for claimed injury to five carloads of cattle, caused by the failure of the defendant company to properly transport them over its lines from Wessington, South Dakota, to Chicago. The plaintiff claimed the defendant in three particulars failed to discharge its duty as a carrier: (1) In keeping the cattle an unreasonable time in transit; (2) in keeping the cattle on the cars, without unloading for feed, water, and rest, two or three hours more than the maximum allowed time of thirty-six hours; and (3) in rough handling the cars in which the cattle were being transported.

On the trial evidence was introduced tending to sustain the plaintiff's claim that the defendant had failed in its duty in each of the three particulars alleged. The cattle were in transit between sixty-two and sixty-four hours, having been unloaded, fed, and rested at Tracy. Stock trains made the trip often in thirty-six hours or less. Plaintiff's testimony showed that this excess time would add greatly to the shrinkage in weight and deterioration in condition of the cattle at the time of their arrival in Chicago. The cattle arrived in Chicago at eight a. m. Friday, after a continuous run from Tracy. Plaintiff testified that the cattle were loaded at Tracy at 5:30 p. m., about half an hour before the train pulled out of Tracy. The train in fact left Tracy at eight p. m. It appears from this evidence that the cattle were on cars from one-half to two and one-half hours more than the maximum time allowed by the Federal statute, without legal excuse. The carrier is liable to the owner of cattle for damages resulting from a violation of this statute.

The plaintiff testified that between Tracy and Chicago the train was "pounding along in slow condition;" that at Clinton the train was bumped so that in two cars several head of cattle were down and had to be prodded up. As a result of the excessive time taken in

transporting the cattle and the rough handling of the train, plaintiff testified that the cattle, when they arrived in Chicago, were in a "gaunted condition, sore feet, lay down in the yard, and would not go and drink their water or eat their feed," and a "part of them" had sustained bruises.

The jury returned a verdict in plaintiff's favor for $350, and answered a question submitted as follows: "Q. Were the cattle in question transported from Wessington, South Dakota, to the Chicago Stockyards within a reasonable time under all the circumstances of this case? A. Yes."

No testimony was given of the extent to which the stock were bruised, or any extent of damage caused thereby, or the extent of depreciation in weight and condition attributable to rough handling or keeping on the cars beyond the thirty-six-hour limit. The finding of the jury that by the defendant's fault in these two particulars the cattle were depreciated to the extent of $350 was necessarily a guess. An examination of the evidence clearly shows that the chief injury to the cattle was occasioned by their being in transit an excessive time. The jury found that this was not due to any fault or negligence of the defendant. Having so found, the jury could not do that which the evidence had not done—separate the injury occasioned by such delay in transit from the injury attributable to the two other causes. For this reason there must be a new trial, and the motion of defendant for a new trial should have been granted.

Reversed.