HOLLENBECK v. ST. MARK'S LUTHERAN CHURCH.

(Supreme Court, Appellate Division; Third Department. December 30, 1912.)

1. DAMAGES (§ 188*)—PROOF—CERTAINTY.

Where, in an action against an adjoining owner for damages from an accumulation of snow and ice which fell from the roof of defendant's building into the space between the two buildings, it appeared that plaintiff contributed materially thereto by allowing snow and ice to fall from the roof of his own building, and the evidence of plaintiff's damages was of a general nature only, there was no evidence from which the damages recoverable could be ascertained.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 511; Dec. Dig. § 188.*]

2. INJUNCTION (§ 48*)—TRESPASS.

An owner will be enjoined from allowing snow and ice from the roof of his building to be deposited in a narrow space between his building and an adjoining building, to the damage of his neighbor.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 101; Dec. Dig. § 48.*]

Appeal from Special Term, Fulton County.

Action by John Hollenbeck against St. Mark's Lutheran Church. From a judgment for defendant, and an order denying a motion to vacate same and for new trial, plaintiff appeals. Order affirmed, and judgment reversed and directed for plaintiff.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Countryman, Nellis & Du Bois, of Albany, for appellant.

Clarence W. Smith, of Johnstown, for respondent.

LYON, J. The parties hereto are owners of buildings fronting South Perry street in the city of Johnstown, N. Y., standing so closely together that the eaves are in practically the same vertical plane. The building of the plaintiff consists of a dwelling house erected in 1869, and the building of the defendant of a church edifice erected in 1896, which the plaintiff claims stands partly on his land. At times during the winter season snow and ice have collected upon the roofs of both buildings and slid off into the narrow space which separates the bodies of the structures, in sufficient quantities, plaintiff alleges, to make a bank five or six feet high, reaching to the top of the window in the first story of his house, and which, melting, rendered the wall of his house damp, and ran into his cellar. This action in equity has been brought to compel the defendant to remove the portion of its church building which the plaintiff claims encroaches upon his land, and to recover such damages as the plaintiff has sustained by reason of such accumulation of snow and ice within the space between the buildings, and for such other and further relief as to the court might seem meet and proper. The trial court decided that the church building stood wholly upon defendant's land, and that while snow and ice from its roof have at times fallen on the space between the buildings, yet that snow and ice have also

fallen into such space from the roof of plaintiff's building, and hence that plaintiff could not invoke equity in his behalf while he continued to trespass upon defendant. The court thereupon dismissed the complaint upon the merits with costs; and, a motion for a new trial having been made by plaintiff upon the grounds of surprise and newly discovered evidence, the court denied the same. The plaintiff thereupon took this appeal from the judgment entered upon the decision of the court, and from the order denying the motion for a new trial.

The finding of the trial court that no part of the church building encroached upon lands of plaintiff was unquestionably correct. The south line of plaintiff's lot was 113 feet from the south line of the parsonage lot, and therefore no part of the narrow strip of land between the plaintiff's dwelling house and the church belonged to plaintiff, but in fact a part of the westerly portion of the dwelling house stood south of plaintiff's south line, of which land so occupied, however, he had acquired title by adverse possession. The plaintiff also claimed that a portion of defendant's shed in the rear of the church building stood upon plaintiff's lot, but as found by the court no part of the defendant's sheds encroached upon plaintiff's lot, but in fact plaintiff's barn encroached upon defendant's lot.

As to the damages to plaintiff's property from water, it appears that a portion of the land embraced in the lots of both plaintiff and defendant was originally a swamp, and that the plaintiff's lot was lower than the church lot, and that lot in turn lower than the parsonage lot, and that water from springs on the latter lot had naturally flowed over both plaintiff's and defendant's lots, and that the land on both sides was ordinarily wet, so much so that in wet periods more or less surface water found its way through and under the walls into the cellars under both the plaintiff's and defendant's buildings. It further appears that five or six years prior to the time of the trial of this action the plaintiff's grantor placed a cement bottom in his main cellar and constructed drains at the walls, whereby the damage which he had theretofore sustained by reason of water entering his cellar was practically avoided. It further appears that prior to the commencement of the action the defendant placed eavetroughs and conductors upon its church building, by which the discharge of a serious quantity of water upon plaintiff's premises was prevented, except at times of unusual storms.

[1, 2] As to the accumulation of snow and ice in the space between the church and dwelling, it appears that the plaintiff has contributed materially thereto by allowing the snow and ice from the roof of his dwelling to fall into this space, although by far the greater portion of the snow and ice has come from the larger area of the northeasterly portion of the roof of the church. Owing to the fact that the plaintiff contributed to this collection of snow and ice, and to the general nature of the proof as to amount of alleged damages to plaintiff's property, the evidence affords no basis upon which any such damages could be ascertained. The defendant has made no claim of damage on account of snow and ice falling from plaintiff's roof; but as plaintiff claims to suffer damage by reason of snow and ice from the

roof of the church, defendant should be enjoined from allowing snow and ice from its roof to be deposited in this space between the structures of the parties hereto, to the damage of the plaintiff. That. it is the duty of the owner of a building to restrain, by snow guards or otherwise, the snow and ice which accumulate upon the roof of his building, and not allow the same to pass off to the damage of his neighbor, is well settled. Davis v. Niagara Falls Tower Co., 171 N. Y. 336, 64 N. E. 4, 57 L. R. A. 545, 89 Am. St. Rep. 817; Tremblay v. Harmony Mills, 171 N. Y. 598, 601, 64 N. E. 501.

As the merits of the controversy seem plain, we think it unnecessary to send the case back for a new trial, but that we should modify the fourth finding of fact, herein expressed, and that the order denying the motion for a new trial should be affirmed, but that the judgment should be reversed, and judgment directed in favor of the plaintiff, requiring the defendant to use reasonable care by the construction of snow guards and gutters to prevent the falling of snow, ice, and water within the space between the buildings of the parties hereto to an extent to damage the plaintiff, without costs in the court below or upon this appeal. All concur.