## CARTER OIL CO. et al. v. HOLLOWAY et al.

No. 17887. Opinion Filed May 8, 1928.

(Syllabus.)

1. **Pleading—Refusal of Leave to File Supplemental Answer After Jury Impaneled not Error.**

It is not error for a court to refuse a defendant the right to file a supplemental answer on the day of trial, and after the jury has been impaneled, where it appears that an additional defense is set up in said supplemental answer, and the information was known to the defendant for more than 20 days prior to the date of the trial.

2. **Evidence—Damages to Land and Vegetation from Oil Flow—Rebuttal Evidence by Plaintiff as to Damaged Condition.**

In a suit for damages to real estate and growing crops on account of oil running over the land, grass or other vegetation taken from the land on the day of the trial, six months after the alleged damage, said grass being offered for the purpose of tending to show the condition of the land on the day of the trial, is properly admitted in rebuttal to certain evidence offered by the de-

# CARTER OIL CO. v. HOLLOWAY 273

fendant tending to show that the land had no appearance of oil being deposited thereon about a month before the trial and some five months after the alleged damage.

**3. Trial—Refusal of Instruction not Supported by Evidence.**

A requested instruction is properly refused where it is not shown that the same is warranted by the evidence.

**4. Damages—Evidence—Value of Growing Crops Before and After Damage.**

In an action for damages to growing crops, if there is testimony in the record given by a farmer as to the value of the crops immediately before and immediately after the alleged damage, the same is sufficient on which to base a verdict.

**5. Same—Damages from Oil Deposits.**

In an action for damages to growing crops on account of oil deposits, it will be assumed that the testimony of witnesses as to the value of said crops before and after the deposit of oil, took into consideration the condition of the land and the circumstances surrounding the same as they existed at that time.

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; A J. Hardy, Special Judge.

Action by W. L. Holloway et al. against Carter Oil Company et al. for damages to certain real estate and growing crops located thereon. Judgment in favor of plaintiffs, and defendants appeal. Affirmed.

Champion, Champion & Fischl, for plaintiffs in error.

James A. Veasey and Walter Davison, for plaintiff in error Carter Oil Company.

W. P. Z. German and Joe T. Dickerson, for plaintiff in error Skelly Oil Company.

Rainey, Flynn, Green & Anderson, for plaintiff in error Coline Oil Company.

L. B. Woodson, for plaintiff in error Roxana Petroleum Corporation.

John R. Ramsey and B. W. Griffith, for plaintiff in error the Texas Company.

Brown, Brown & Williams, for defendants in error.

FOSTER, C. This action involves two suits filed in the lower court, one by W. L. Holloway and J. M. Holloway against all of the above-named appellants, and one by J. M. Holloway; and were brought to recover against the appellants herein for the escape of crude oil, base sediments, and salt water from the appellants' producing properties located in Carter county, which

the plaintiffs claimed were carried by flood-waters of Walnut Bayou creek, and were deposited on plaintiffs' land in April and May, 1924, and in June and September, 1925.

The land described in the suit brought by W. L. Holloway and J. M. Holloway was 12 acres in the northeast quarter of section 20, township 5, range 1, said land being owned by J. M. Holloway and rented by W. L. Holloway; and the suit by J. M. Holloway was for 7 acres in the northeast quarter of section 20, township 5, range 1, it being alleged that the land was owned by J. M. Holloway.

The defendants answered, denying that they had damaged the plaintiffs' crops, and alleging that any injuries received were from natural causes, apart from the defendants' operations, and also alleging that the plaintiffs were then prosecuting other actions embracing the alleged wrongs.

At a trial before a jury, four verdicts were rendered against the defendants: (1) A verdict for $100 in favor of W. L. Holloway against all of the appellants named; (2) a verdict for $60 in favor of W. L. Holloway against all the appellants except the Coline Oil Company; (3) a verdict for $35 in favor of J. M. Holloway against all of the appellants; and (4) a verdict for $50 in favor of J. M. Holloway against all the appellants except the Coline Oil Company.

From these four verdicts, the defendants bring their appeal to this court, and assign as error, in addition to the error of the court in overruling the defendants' motion for a new trial, the following four assignments: (1) That the court erred in refusing these defendants permission to file supplemental answers; (2) that the court erred in admission of evidence on the part of the plaintiffs; (3) that the court erred in refusing to give defendants requested instructions Nos. 8, 9, 11 and 12; (4) that the court erred in overruling the demurrer of the defendants to the plaintiffs' evidence.

As to the first assignment above set out, it appears that on the day of the trial, after the case had been called and after the jury had been duly impaneled, the defendants presented a supplemental answer, and asked the court for permission to file the same, which supplemental answer set up a new and additional defense in the form of petitions which had been filed and judgments granted in the justice of the peace court, with the allegations that they covered the identical causes of action as alleged in the petitions at bar.

It appears that the cases in the justice of the peace court, which are alleged in said supplemental answers to involve the same causes of action, had been appealed and were pending in the district court at the time of the trial of the case at bar. It also appears that said judgments in the justice of the peace court were taken some 20 days before this case was called for trial.

Under section 323, C. O. S. 1921, the court may at any time permit amended pleadings to be filed, but the same is left largely to the discretion of the court. Under the circumstances in this case, we do not believe the court abused his discretion. The proposed supplemental answers set up a new defense, and were not offered until after the jury had been impaneled.

We have examined the supplemental answers, and are in doubt as to whether or not upon their face they allege any defense to the causes of action in the case at bar. But even if they do, since the cases in the justice court were pending on appeal in the district court at the time of the rendition of the judgments in these cases, we believe that they could set up the judgments herein as a defense to the judgments in the justice of the peace court, now pending in the district court. And even if said supplemental answers had been presented before the trial, or before the case was set down for hearing, the defendants would not have been materially prejudiced by the refusal of the court for permission to file the same.

The second assignment is that the court erred in permitting the plaintiffs, over the objection of the defendants, to introduce and exhibit before the jury a bunch of grass which contained oil, which the witness testified was taken from the land involved in this action on the day of the trial in the district court, there being no testimony in the record to show that the grass was in the same condition at the time it was offered in testimony as it was at the time the oil is alleged to have run over, and been deposited upon, the plaintiffs' land.

While there are no authorities presented, we take it that, if this testimony had been offered by plaintiffs in their evidence in chief, the objection would have been good. But it appears from the record that a witness testified for defendants that along in February, 1926, several months after the alleged damage and just a short time before the trial, he was upon the land, and saw no trace of oil thereon, or if any trace of oil whatsoever, it was very little. And in the rebuttal of this testimony, the plaintiffs, on the day of trial, sent a witness to the land to secure some of the grass showing that oil was upon the grass at that time, and he testified that he procured the grass on the land of the plaintiffs, and brought it into court in the same condition that he found it on the plaintiffs' land. This testimony, we believe, was good as rebuttal testimony to the evidence of the defendants.

The third proposition is that the court erred in refusing to give requested instruction No. 12, which is as follows:

"You are instructed, gentlemen of the jury, that it was the duty of the plaintiffs and each of them to make every possible exertion to render the damages, if any, suffered by them as light as possible. In no case can a person recover for damages to his property which he knowingly permits to be inflicted without making every reasonable effort, and taking active steps to lessen or prevent the same. If you believe from the evidence in this case that the plaintiffs could have prevented or lessened the loss or damage, if any, suffered by them or either of them by taking proper cultivation of their crop, but failed so to do then none of the defendants can be held liable for any damages done either of the plaintiffs which either of said plaintiffs who may have suffered said damage could have prevented or lessened as to the particular crop which he or they claim damage to."

In support of their contention, the defendants cite the following cases: Sackett v. Rose, 55 Okla. 398, 154 Pac. 1177; 17 C. J. pp. 767 and 776; 8 R. C. L. p. 442.

In these cases, the general rule is laid down that where a wrong has been perpetrated upon an injured party, he should use all reasonable means to minimize the loss, it being his duty to use reasonable exertion and incur reasonable expense in order to arrest or minimize the loss which he is put to or is suffering.

The requested instruction places a heavier burden upon the plaintiffs than is required by the rules adopted by this court. However, in the case at bar, the defendants in their brief fail to call to our attention any testimony whatever tending to show that the plaintiffs could have in any manner prevented the overflow, or minimized the loss which they suffered. From the record it appears that an attempt was made to show that the crops had not been properly cultivated. But this question was submitted to the jury by a special interrogatory, and the court found that the plaintiffs had not neglected to cultivate the land. The refusal of the instruction on that theory would therefore become harmless.

The burden of proving circumstances in mitigation of damages is upon the party guilty of the tortious act. Sackett v. Rose, supra.

We hold that the court did not err in refusing the requested instruction.

The defendants next allege that the court erred in refusing defendants' requested instruction No. 9, which is as follows:

"The court instructs the jury that if you believe and find from the evidence that the plaintiffs' crops were damaged by reason of overflow or flood of the creek adjacent to or flowing through their said lands, and if you further believe and find from the evidence that not only were the crops damaged by the waters of said overflow, but were also materially damaged by reason of the presence of oil, salt water, oil waste, or other refuse in said water, then you cannot find a verdict for the plaintiffs or either of them for said damage unless under the evidence in this case you can determine what particular portion of said damage was occasioned and caused by water alone, and what particular portion of said damage was occasioned by oil, oil waste, or refuse in said water or salt water; and in the event that you are not able to determine which was the particular cause of said damage, then and in that event plaintiffs are not entitled to recover for any damage."

We believe that instruction No. 6, which was given by the court, in substance covers all the substantial matters set out in requested instruction No. 9, to which defendants were entitled.

Instruction No. 6, given by the court, is as follows:

"The court instructs the jury that if you believe from the evidence that the proximate cause of the damage, if any, sustained by the plaintiffs or either of them, was due to the natural overflow of the waters of Walnut Bayou upon their respective tracts of land, if you so find, or to the result of the plaintiffs planting their crops upon tracts of land substantially shaded by pecan trees, if you so find, or to the presence of a large quantity of Johnson grass, if you so find, or to the failure of the plaintiffs or either of them to properly cultivate their respective crops in a due and farmlike manner, if you so find, or to any other cause, other than the alleged pollution by the defendants therein, then the plaintiffs cannot recover and your verdict should be for the defendants."

The next assignment of error is that the court erred in overruling the defendants' demurrer to plaintiffs' testimony. This error is argued under three separate headings:

(1) That the evidence does not prove that the identical oil which escaped from the defendants' leases was the same oil that flowed over the plaintiffs' land. We can see no merit in this contention. The evidence shows that oil was escaping from the defendants' leases, and that the natural flow of water or other substance would be down the creek known as Walnut Bayou, and that the land of the defendants was located along this creek, lower down on the watershed than the plaintiffs leases, and that the natural result of the escaping of oil would be that it flowed down across the defendants' land.

(2) Defendants contend that there was no evidence in the record to show a damage which is recognized by law, for the reason that the evidence did not indicate the market value of the crops prior to the time the oil is alleged to have flowed from and over said land. In support of this proposition, they allege that it is necessary for the witness to testify as to the reasonable market value of the crops before and after the oil. was alleged to have been deposited thereon, and cite in support thereof the following cases: DeArman v. Oglesby, 49 Okla. 118, 152 Pac. 356; C., R. I. & P. Ry. Co. v. Johnson, 25 Okla. 760, 107 Pac. 662; M., O. & G. Ry. Co. v. Brown, 41 Okla. 70, 136 Pac. 1117; 17 C. J. p. 887, sec. 190.

The rule, as announced in the above cases, is the correct way of proving damages done to growing crops in cases of this kind. However, the testimony in this case, as shown by the witness, W. L. Holloway, is that the crops on his land for the year 1924 were valued at $365, for the year 1925, at $360, and that he did not know the market value of the crop immediately after the overflow. The testimony of W. L. Holloway was that the corn was worth $20 an acre prior to the overflow in 1924, and $40 for the whole 12 acres after the overflow; that J. M. Holloway's crop was worth $20 an acre prior to the overflow, and nothing at all after the overflow. This witness does testify, however, that he is not acquainted with the reasonable market value of these crops.

In the case of C., R. I. & P. Ry. Co. v. Johnson, it is held, among other things, as follows:

"The witness being an expert farmer, and therefore an expert on the subject, his opinion is admissible to prove the value of growing crops."

The general rule seems to be that if there is evidence from which the jury might reasonably draw a conclusion as to the value of the property, from persons having knowl-

edge of said value, the same is sufficient. Under all the facts and circumstances in this case, we believe there was sufficient testimony in the record of the value of the crops so as to justify the jury in arriving at the amount of the damage.

(3) That it was impossible in the state of the evidence to determine what proportionate part, if any, of the damage suffered by the plaintiffs, was chargeable to these defendants.

It appears from the record that Walnut Bayou was in the habit of overflowing, and that water caused by rainfall overflowed the lands of the plaintiffs at the times alleged in the petition, regardless of the oil deposit, and that there was a large amount of Johnson grass growing on the lands of the plaintiffs which damaged it and damaged the crops of the plaintiffs, and that there were pecan trees located on the land, the shade from which caused damage to the crops of the plaintiffs.

The objection here urged is almost identical to that urged under assignment No. 2, on the error to refuse defendants' requested instruction No. 9. However, in support of their contention, the defendants cite the following cases: Chicago, B. & Q. Ry. Co. v. Gelvin, 238 Fed. 14; Western Union Tel. Co. v. Totten, 141 Fed. 533; Darnall v. Georgia Ry. & Elec. Co. (Ga.) 68 S. E. 584; Mayor of the City of Macon v. Dannenberg (Ga.) 39 S. E. 446; Hightower v. Henry (Miss.) 37 So. 745; Knowlton v. C. & N. W. Ry. Co. (Minn.) 131 N. W. 858; Glasgow Shipowners Co. v. Bacon, 139 Fed. 541; Hollenbeck v. St. Mark's Lutheran Church, 138 N. Y. Supp. 1063.

The rule as announced by all of these cases seems to be that where it is impossible to determine the amount of damage which one element of damage has done to any crop or other property, where there are several elements contributing to the entire damage, the plaintiff cannot recover against a party who is admittedly only responsible for one of the elements. But we do not believe that this question is involved in the case at bar. There is testimony in the record that the overflow of water, prior to the time that the oil was permitted to escape, did not injure the crops at all, and it even goes to the extent to say that the overflow prior to the time the oil was allowed to escape was an advantage to the crops. The jury found that there was some damage caused by the overflow of water.

We believe the court has sufficiently covered the grounds alleged in this error in in-

struction No. 6 above referred to. The value of the crops, as testified to by the witnesses, prior to the time of the overflow and the deposit of oil and other substances from the plaintiffs' leases, was evidently based upon the then value of the crops, taking into consideration whatever damage might have been done by the pecan trees or the Johnson grass, which was then located upon the land of the plaintiffs.

Since we have held that the evidence is sufficient as to the value of the crops prior to the time of the overflow, we must conclude that this value is based upon whatever damage had already been done by these pecan trees and Johnson grass; and since there is sufficient testimony in the record to distinguish whatever damage was done on account of the natural flow of water from that or what was done by the oil that was intermingled with the water, we cannot say that there was not sufficient evidence on which a jury might find a verdict for the damage done by the oil.

In the case of C., R. I. & P. Ry. Co. v. McKone, 36 Okla. 41, 127 Pac. 488, it is held that:

"If the defendant's negligence is present contributing a proximate cause, which, commingled with the act of God, produces the injury, then defendant is liable notwithstanding the act of God."

Also, to the same effect is 1 Sutherland on Damages, p. 2.

In the arriving at our conclusion on the demurrer in this case, we are, of course, mindful of the well-established rule in this jurisdiction that, in order to sustain a demurrer to the evidence, the court must be able to say that, admitting every fact that is proved which is favorable to the plaintiff, and admitting every fact that the jury might fairly and legally infer from the evidence favorable to the plaintiff, the plaintiff has utterly failed to make out a case, then the demurrer should be sustained; otherwise, it should be overruled. We cannot say under this rule, and under the facts and circumstances in this case, that the court erred in overruling the plaintiffs' demurrer.

For the reasons herein above given, it follows that the judgment and verdict of the trial court should be, and is, affirmed.

BENNETT, REID, LEACH, and TEEHEE, Commissioners, concur.

By the Court: It is so ordered.