**ATCHISON, T. & S. F. RY. CO. et al. v. KELLY.**

No. 17852.    Opinion Filed April 17, 1928.

(Syllabus.)

1. **Waters and Water Courses—Railroads—Injury to Land from Discharge of Water—Depreciation in Value as Measure of Damages.**

Where a railway company and another wrongfully discharge water, through a trench dug by the railway company, upon the

premises of another, the land necessarily being injured and rendered valueless by such act, the injured party may treat the act of such parties and such injury as a permanent injury to the soil, and may recover damages for the depreciation of the value of his premises so injured.

## 2. Limitation of Actions—Action for Injury to Land from Discharges of Water.

Under the facts in the instant case, as disclosed in the opinion, held, in an action to recover damages for the wrongful discharge of water upon the premises of another, the statute of limitation began to run only from the time the injury occurred.

## 3. Giving and Refusing Instructions Held not Erroneous.

Instructions given and refused, examined; held, the court neither erred in the instructions given, nor in refusing those requested.

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by Jessie May Kelly against the Atchison, Topeka & Santa Fe Railway Company, et al., to recover damages. Judgment for plaintiff, and defendants appeal. Affirmed.

Rainey, Flynn, Green & Anderson and Biddison, Campbell, Biddison & Cantrell, for plaintiff in error. Atchison, Topeka & Santa Fe Railway Company.

A. K. Swann and Biddison, Campbell, Biddison & Cantrell, for plaintiff in error Oklahoma Steel Casting Company.

Phil W. Davis, Jr., and Gill & Gill, for defendant in error.

HERR, C. This is an action originally brought in the district court of Tulsa county by Jessie Kelly against the defendants for damages because of an alleged wrongful diversion of surface and other accumulated waters from their natural course and discharging the same upon her premises.

Plaintiff alleges and establishes by her evidence that she is the owner of certain premises in the city of Tulsa; that the defendant railway company constructed a roadbed and maintains its tracks along the south line of said premises; that it also constructed, under its roadbed, a culvert for the purpose of draining and taking away the water accumulating on its right of way; that said roadbed and culvert were constructed in the year 1905, and prior to the time at which plaintiff became the owner of the premises; that the defendant Oklahoma Steel Casting Company maintains its plant southeast of said culvert and plain-

tiff's premises; that the said casting company caused water to be discharged from its plant, which, because of natural drainage, accumulated upon defendant railway company's right of way; that sometime in 1923, in order to take care of this surplus water, as well as water accumulating from rainfall, the defendant railway company enlarged its culvert and excavated a trench on the south side of its right of way, which trench led up to plaintiff's lot, thus draining the water through this culvert and trench, and discharging the same upon plaintiff's premises; that except for said culvert and trench, the water would naturally have flowed down along the south side of the railroad, and thus entirely have escaped plaintiff's lot; that her lot was entirely destroyed; that the water flowed under her house, dug great ditches across her lot; that during the winter of 1923-4, her lot was practically covered with water; that it froze and formed a solid cake of ice on said lot, and under her house, causing the floors to warp and otherwise injure the house so as to make the house uninhabitable; that these premises constituted her home, and that she was keeping roomers; that because of the conditions above stated all of said roomers left, thereby destroying her business.

The answers of the defendants were general and special denials and a plea of limitation. The trial resulted in a verdict and judgment for plaintiff. Defendants appeal.

It is contended by the defendant railway company that the court erred in overruling its motion for a directed verdict. This contention is based on the theory that plaintiff's cause of action, if any she had, was barred by limitation. Counsel, in their brief, say:

"Under the laws of Oklahoma, the defendant the Atchison, Topeka and Santa Fe Railway Company had, by maintaining this culvert for more than 15 years, obtained a right of prescription to maintain it in the same, or similar condition without being liable to the plaintiff in damages."

In support of this contention the cases of Metcalf v. Glaze, 70 Okla. 137, 173 Pac. 446, St. L. & S. F. Ry. Co. v. Stephenson, 43 Okla. 676, 144 Pac. 387, and cases from other states, are cited.

It is the theory of the plaintiff that the damages were occasioned by reason of the enlargement of the culvert and excavation of the trench in the year 1923. The contention is supported by the evidence offered in her behalf. These facts, of course, are disputed by the evidence offered on behalf of defendants. Even though we consider the structure as permanent and the action as

an action for an injury to the freehold, still, under the record, it was proper to submit the case to the jury. The authorities cited are not applicable to the facts in the case. It was for the jury to determine whether defendant enlarged its culvert and dug the trench as claimed by plaintiff, and whether plaintiff's damage was occasioned thereby. The court also properly denied defendant's requested instruction as to the statute of limitation.

Instruction No. 6 is criticised by counsel for defendant railway company. It is contended that under said instruction, the jury was authorized to find against the defendant railway company, whether or not they found that the railway company should have foreseen the action of the casting company at the time it put in the culvert. Said instruction is as follows:

"The jury is instructed in this case that in determining the question of the defendant railway company's liability, you should bear in mind that the defendant railway company is not liable for damages on account of any additional waters that may have accumulated and flowed on the land of the plaintiff, unless you find the said railway company diverted said waters from the usual, ordinary and natural drain which they otherwise would have followed, or, in other words, before you can find for the plaintiff in this case against the railway company, you must find in reference to either the surface water or additional water, if any, that the railway company diverted either or both from the ordinary, usual and natural drainage which said waters would have followed, to flow and discharge upon the lands of the plaintiff."

The plaintiff's evidence is to the effect that the culvert was enlarged and the trench excavated by the defendant railway company for the purpose of draining and taking away the water deposited upon its right of way by the defendant casting company. This was denied by the defendant. The issues were properly defined to the jury; the jury was instructed that this defendant was liable for such injury only as was the direct and proximate result of its wrongful act, if any. In instruction No. 14-A, the burden of proof was placed on the plaintiff to prove that the water was diverted by defendant from its usual course and deposited upon plaintiff's premises through the trench excavated by the defendant; that damage was suffered by reason thereof, and that plaintiff would not be entitled to recover any damage occasioned by water being deposited on her premises prior to the excavation of said trench. The court, by its instruction,

properly placed the burden upon the plaintiff to prove her case.

Under the instructions, taken as a whole, the burden was on the plaintiff to prove that the culvert was enlarged as alleged, and that the trench was dug by defendant railway company in part to carry away the surplus water deposited on its right of way by the defendant casting company before she could recover.

Under the issues and the evidence in this case, and in view of the other instructions given, we hold there was no error in giving said instruction.

It is contended by defendant casting company that the court erred in giving its instruction No. 15, which is as follows:

"You are instructed that should you find a verdict for the plaintiff in this case, from the evidence and in accordance with the instructions herein given, then you may award to the plaintiff a sum of money by way of damages which will reasonably compensate her for the injuries, if any, which she may have sustained as a direct and proximate result of the unlawful acts of said defendants, or either of them, and in arriving at the amount, if any, which you will give to the plaintiff, you may take into consideration the diminution of the market value of plaintiff's premises, if any, and for discomfort and inconvenience, if any, and for loss, if any, occasioned by renting of her rooms, on said premises, and cost of additional fuel, if any, but in no event can your verdict exceed the sum of $2,000."

It is contended by this defendant that, inasmuch as the nuisance as to it was readily abatable, the diminution of the market value of the premises was not the proper measure of damages; that the jury was not instructed and informed as to the difference between permanent and temporary injury. The cases of Ardmore v. Orr, 35 Okla. 305, 129 Pac. 867; A., T. & S. F. R. Co. v. Eldridge, 41 Okla. 463, 139 Pac. 254; Pahlka v. C., R. I. & P. Ry. Co., 62 Okla. 223, 161 Pac. 544; Ponca Ref. Co. v. Smith, 73 Okla. 6, 174 Pac. 268; City of Cushing v. High, 73 Okla. 151, 175 Pac. 229; Carter Oil Co. v. Kerley, 109 Okla. 69, 234 Pac. 737, are cited.

The testimony is undisputed that the premises were rendered valueless by the water being discharged thereon. The defendant might abate its nuisance, but could not, by so doing, restore plaintiff's premises. Under the evidence there was a permanent injury to the freehold. In the case of C., R. I. & P. Ry. Co. v. Davis, 26 Okla. 434, 109 Pac. 214, this court says:

"Where the wrong is of a permanent nature and continues, springing from the manner in which the ditch or channel is completed, on account of the diversion of surface water, the land of the abutting proprietor necessarily being injured by such diverted water, such proprietor may treat the act of the railway company as a permanent injury, and recover his damages in the consequent depreciation of the value of his property, and, in such case, the recovery of the damage results in a consent on the part of such proprietor to such manner of maintaining such ditch or channel, concluding both him and any subsequent owner of such land."

Further criticism is made of this instruction in that the jury was advised that, in measuring plaintiff's damage, if any, they might take into consideration the loss occasioned by reason of her roomers having removed from the premises. This portion of the charge, under the evidence, should not have been given, but this error is not of sufficient consequence to cause a reversal of the judgment.

The evidence is undisputed that plaintiff's lot was, at the lowest estimate, reasonably worth the sum of $700 before it was flooded by defendants, and that it is now valueless. The verdict and judgment is for $600. It is evident that the jury, in arriving at its verdict, took only into consideration the reduced value of the premises, and that it awarded plaintiff nothing for the loss of her roomers.

Instructions 1, 2 and 3, requested by defendant casting company, were properly refused. The court sufficiently covered the law of the case in its general charge.

It is contended by both defendants that the court erred in overruling motions to require plaintiff to separately state and number her several causes of action. The petition stated but a single cause of action. These motions were properly denied.

Judgment should be affirmed.

BENNETT, JEFFREY, DIFFENDAFFER, and TEEHEE, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 40 Cyc. p. 655; anno. 19 A. L. R. 487; 22 R. C. L. p. 895; 3 R. C. L. Supp. p. 1292; 4 R. C. L. Supp. p. 1479. 27 R. C. L. p. 1122; 6 R. C. L. Supp. p. 1686. (2) 37 C. J. p. 891, §255; anno. 20 L. R. A. (N. S.) 886; 25 L. R. A. (N. S.) 645; 27 R. C. L. p. 1120. (3) 38 Cyc. p. 1711; 40 Cyc. p. 654.