## CITY OF DUNCAN v. STANLEY.

No. 18392. Opinion Filed Oct. 30, 1928.

J. W. Marshall and Womack, Brown & Cund, for plaintiff in error.

Jones & Clift, for defendant in error.

MASON, V. C. J. In this case, the defendant in error, Louvisa Stanley, brought suit against the plaintiff in error, city of Duncan, because of alleged damages to her real property located near said city, by reason of the construction and operation of a sanitary sewer system and disposal plant.

It appears that a small stream flows through said city and across the farm of the plaintiff, which is located about a mile from the city; that about the year 1911, the city constructed a sanitary sewer system and septic plant which emptied into said stream near the city boundary; that this system was supplanted by a larger and better system about the year 1919; that a new and

more extensive system was installed during the winter of 1921 and 1922.

In the first instance, the plaintiff sought to recover for temporary damages of various kinds and for permanent injury to the real estate, but subsequently elected to proceed as to the latter only. Several defenses were pleaded by the city, including the statute of limitations. Judgment was rendered, on the verdict of the jury, in favor of the plaintiff in the sum of $1,250, from which the defendant appeals.

The sole contention made by the city for reversal of the judgment of the trial court is that the plaintiff's cause was barred by the statute of limitations. Counsel rely on the provisions of section 185, C. O. S. 1921, the pertinent part of which is as follows:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: * * *

"Third. Within two years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; a action for relief on the ground of fraud— the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

Counsel then point out that the plaintiff's original petition was filed on August 28, 1925. It is, therefore, apparent that if the cause of action for permanent injury, occasioned by the operation of said sewer system, arose and the statute of limitations began to run from the time the city began to operate such sewer system, to wit, the years 1911, 1919, or 1922, plaintiff's cause of action was barred by the two-years statute of limitations, as above set forth. In support of such contention, counsel cite: Pahlka v. Chicago. R. I. & P. Ry. Co., 62 Okla. 223, 161 Pac. 544; City of Mangum v. Sun Set Field, 73 Okla. 11, 174 Pac. 501; Consumers Light & Power Co. v. Holland, 118 Okla. 132, 247 Pac. 50.

Counsel for defendant in error contend that the statute did not begin to run until it became apparent or obvious that the injury was a permanent one.

Plaintiff's amended petition, upon which the cause was submitted to the trial court and jury, reads, in part, as follows:

"Plaintiff further states that she complained through her agents to the officers of the city of Duncan, relative to the condition of said sewage system, and said city officers promised and agreed to remedy and abate the same, and the plaintiff believed and was convinced that said condition above set forth could be and would be remedied by said defendants; but the plaintiff believes and alleges the facts to be that said conditions are of a permanent nature, but that the permanent nature thereof did not become apparent or obvious until within one year prior to the commencement of this action."

The cases cited by plaintiff in error, in our opinion, do not meet the particular question now under discussion, but the instant case, as we view it, comes squarely within the rule announced in the first paragraph of the syllabus of, the case of City of Tulsa v. Grier, 114 Okla. 93, 243 Pac. 753, as follows:

"The bar of the statute of limitations is set in motion to a cause of action for damages to, or trespass upon, real property caused by the construction of an improvement when the injury occurs. Such an injury may be temporary or permanent. When temporary the injury occurs at the time of the first damage. When permanent, at the time it becomes obvious that the injury is a permanent one."

Under the foregoing rule, we hold that the trial court properly submitted the question to the jury as to whether the permanent nature of the injury was obvious or apparent more than two years prior to the filing of plaintiff's action.

The judgment of the court, in favor of the plaintiff, is an adjudication of this matter in accordance with the plaintiff's theory, and it only remains for us to inquire whether or not there is competent evidence reasonably supporting this finding, inasmuch as this court is firmly committed to the rule that the judgment of a court, based upon a verdict of the jury in a law action, will not be disturbed on appeal where there is any competent evidence which reasonably tends to support such judgment.

The evidence supports the allegations that the plaintiff made complaints to the officers of the city concerning the condition which existed by reason of the sewer system and disposal plant; that the city called into conference the state health department, the city physician, and the county physician of Stephens county; that various inspections of said system and property were made with reference to abating or diminishing the nuisance and injuries complained of; that after said inspections in the year 1925, it became obvious that the injury and odors could not

be abated, but that the same were permanent.

This is further borne out by the fact that the city continued to spend large sums of money endeavoring to erect and maintain a better sewer system and endeavoring to abate the injurious results flowing therefrom. The city must have thought that said injuries were only temporary and, therefore, could be abated, until after the inspection and conference of the health officers of the state, county, and city. Although the verdict of the jury was general, yet, in view of the fact that the question was submitted to the jury by the court's instructions, its verdict embodied a finding that the nuisance was not an abatable one, but a permanent one, and that the permanent nature thereof did not become obvious until within two years of the date of filing said action. This finding being supported by competent evidence, it will not be disturbed on appeal.

The judgment of the trial court is, therefore, affirmed.

BRANSON, C. J., and HARRISON, LESTER, HUNT, RILEY, and HEFNER, JJ., concur.