### CITY OF TULSA v. SPRINGFIELD LIFE INS. CO.

No. 20821.   Opinion Filed April 19, 1932.

Rehearing Denied May 24, 1932.

M. C. Spradling, Eben L. Taylor, F. A. Bodovitz, and Langley & Langley, for plaintiff in error.

Reuben M. Roddie, for defendant in error.

HEFNER, J.   This is an action brought in the district court of Mayes county by Fred H. Porter against the city of Tulsa

to recover damages because of the construction of a ditch and water line across his land.

Plaintiff claimed title to the land under sheriff's deed acquired through the foreclosure of a second mortgage thereon. The Springfield Life Insurance Company held a first mortgage against the land, and, on application of defendant, was made a party to the action, whereupon it filed a plea in intervention and sought to recover damages against the city of Tulsa because of the construction of the water line, on the theory that the same diminished the value of its security. Prior to the trial, plaintiff abandoned his action and the cause went to trial between intervener and defendant.

The land involved consisted of a part of a tract of 500 acres, and was originally owned by Marvin C. Hammer, who, in the year 1921, executed a mortgage thereon to the Everest Porter Mortgage Company in the sum of $22,500. This mortgage was subsequently assigned to the Court of Honor Life Association, and was acquired by intervener by assignment from the Court of Honor Life Association. This mortgage and the assignments thereof were duly placed of record. The mortgage was foreclosed by intervener and the land did not sell for an amount sufficient to satisfy the mortgage.

The construction of the ditch was commenced after the execution of the mortgage and its assignment to the Court of Honor Life Association, and without the consent or permission of intervener, same was dug diagonally across a large part of the land and large piles of rock and dirt were left on both sides thereof, which made it impossible to cross it while farming the land. This resulted in dividing the land into two tracts. It is the contention of intervener that by reason of having so divided the land, the value of its security was diminished and it thereby suffered a loss in the sum of $5,000.

There is little, if any, dispute as to the facts. The city of Tulsa defended on two grounds: First, that intervener's cause of action was barred by the statute of limitations; and second, that it did not acquire its mortgage until after defendant had begun the construction of the water ditch, and cannot therefore recover. The trial was to a jury and resulted in a verdict in favor of intervener in the sum of $2,625.

Defendant has appealed, and, among other things, asserts that the judgment is contrary to law, and the court therefore erred in overruling its motion for a directed verdict. In our opinion, the motion was properly overruled. Intervener's action is not barred by the statute of limitations.

The evidence discloses that defendant took possession of the land and commenced the construction of the ditch about February 1, 1923. Defendant, however, offered evidence to the effect that the ditch was not completed until in September, 1924. Intervener commenced its action on October 19, 1925. The evidence is somewhat indefinite as to the exact time of completion of the ditch, but there is evidence to the effect that it was not completed until the date above stated. The court submitted the issue to the jury under the following instruction:

"An action for trespass or damages to real estate must be brought within two years from the time the cause of action accrues, and the cause of action in this case, if any existed, accrued at the time the conduit line was completed, that is to say, when the line was covered and dirt and rock, if any, were left near the line, and if you find that said line had been completed as herein stated more than two years prior to the 19th day of October, 1925, then your verdict should be for the defendant."

Under this instruction, the jury must have found that plaintiff's cause of action was commenced within two years after completion of the ditch in order for it to render a verdict in favor of intervener. There is some competent evidence which sustains this finding, and it will therefore not be set aside on appeal. In our opinion—though it is criticised by defendant—the instruction contains a correct statement of the law. Intervener could not ascertain the extent of its damage until completion of the ditch, and its cause of action did not therefore accrue until that time.

In the case of Duncan v. Stanley, 133 Okla. 245, 271 P. 422, it is said:

"The bar of the statute of limitations is set in motion to a cause of action for damages to, or trespass upon, real property caused by the construction of an improvement when the injury occurs. Such an injury may be temporary or permanent. When temporary, the injury occurs at the time of the first damage. When permanent, at the time it becomes obvious that the injury is a permanent one."

See, also, C. R. I. & P. v. Davis, 26 Okla. 434, 109 P. 214; A., T. & S. F. Ry. v. Kelly, 130 Okla. 213, 266 P. 775. Under these authorities, even though defendant's contention be correct, that intervener's action is one to recover damages for permanent injury to the land, still, the instruction clearly states the law.

Defendant's claim that intervener was not the owner of the mortgage at the time the alleged trepass was committed is not sustained by the evidence. Intervener and the Court of Honor Life Association, under the evidence, are one and the same corporation. There was a reorganization in October, 1924, at which time there was a change in the name of the corporation from Court of Honor Life Association to Springfield Life Insurance Company. The Court of Honor Association acquired the mortgage in 1922, and the mere change of the name of the corporation did not destroy any of its rights.

In 7 R. C. L. 129, the following rule is announced:

"An authorized change in the name of a corporation has no more effect upon its identity as a corporation than a change of name of a natural person has upon his identity. It does not affect the rights of the corporation, or lessen or add to its obligations. * * * And the fact that a corporation organized as a state bank afterwards becomes a national bank by complying with the provisions of the national banking act, and changes its name accordingly, has no effect on its right to sue upon obligations or liabilities due to it under its former name. Actions brought by a corporation after it has changed its name should be brought under the new name. * * *"

Defendant also contends that the court erred in refusing its requested instruction No. 10, which is as follows:

"The defendant's right to the ground making up the water line, being 100 feet across the land, amounts only to that of an easement. That is to say, the right to maintain and operate said line, and said 100-foot strip of ground, and for no other purpose; and the owner may use said strip of land for any and all purposes not inconsistent with or resulting in any damage to and not interfering with the rights of the defendant in its maintenance and operation of said water line."

Defendant's rights were fully protected by the court in its general instruction. The jury was advised that, unless intervener was damaged by the construction of the ditch across the land, it could not recover. And the jury was also, in effect, advised that defendant had a right to maintain its water line across the land if intervener were not damaged thereby. There was no error in refusing the instruction requested.

Defendant concedes that, if intervener can maintain its action, the evidence is sufficient to support the verdict. Having held this issue against defendant, it necessarily follows that the judgment must be affirmed.

CLARK, V. C. J., and RILEY, CULLI-

SON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., and McNEILL, J., absent.

Note.—See under (1), annotation in 5 L. R. A. (N. S.) 379; 86 L. R. A. (N. S.) 835; 17 R. C. L. 785 et seq.; R. C. L. Perm. Supp. p. 4349. (2), 7 R. C. L. 129; R. C. L. Perm. Supp. p. 1919.