### HERWIG v. CITY OF GUTHRIE.

No. 26843. April 12, 1938.

Rehearing Denied May 3, 1938.

600

E. S. Lowther and Henry S. Johnston, for plaintiff in error.

Merle G. Smith, for defendant in error.

HURST, J. Kate Herwig filed an action against the city of Guthrie on January 15, 1935. A demurrer was sustained to the petition, and she filed an amended petition on August 9, 1935. A demurrer was sustained to the amended petition, and plaintiff elected to stand on her amended petition, and judgment was rendered in favor of defendant. Plaintiff brings this appeal.

The amended petition is very lengthy and sets out three causes of action. For the first cause of action it was alleged in substance that the plaintiff owned 160 acres of land near Guthrie, with "Sand creek" running through the center of it in a northerly direction toward the city. That some time prior to the events complained of the city built a dam across the creek about a mile downstream from plaintiff's land, forming an artificial lake constituting the city reservoir. It was alleged that "the waters impounded in said artificial lake were below

the elevation of the plaintiff's land and at the time of the construction thereof did no harm to this plaintiff or to her property, nor to the usable value thereof." But it was alleged that during seasonal rains from year to year, the water backed up and receded, forming deposits of silt and inducing the growth of rank vegetation at the upper end of the lake, "and that the deposits so made accumulated gradually from year to year and by the year 1929 had created a **secondary** dam" at the edge of plaintiff's property. That this so retarded the flow of the stream across plaintiff's land that silt and rank vegetation were in turn deposited thereon, which formerly had been prevented by the swift current of the stream. It was alleged that this deprived plaintiff of the use and benefit of her land during the years 1929 and 1930. In paragraph 26 it was alleged in substance that the damage was caused by the indifference and wrongful conduct of the city, and that the city with the expenditure of a reasonable amount of money could have easily offset and overcome it.

It was further alleged that this plaintiff filed an action against the city on September 22, 1930, "for the recovery of damages to the use and value of the land, and also to recover damages for damage to the land itself, but the cause of action so far as the usable value of said land in said action was the same as in the action now brought, and that this action has been brought within one year after the dismissal of his former case No. 6736, hence the statute of limitations has not run against the same."

The prayer then asks for $1,200 for damage to the usable value of the land for the years 1929 and 1930.

The second cause of action makes all the allegations of the first cause of action a part of the second cause of action and seeks to recover for damage to the use of the land for the years 1933 and 1934 in the total sum of $800.

The third cause of action makes all of the allegations of the first and second causes of action a part of the third cause of action, and further alleges in substance that plaintiff had constructed a residence, filling station, and stone garage on her premises "well above the water line," and "without realizing or knowing the effect that the accretions were causing in the bed of the creek," and that in the year 1934 the water backed up into and around the stone garage to a depth of about two feet. It was

further alleged "that the damages caused by the city could well and easily have been avoided and abated, and that the further damage to said land could have been discontinued by the city with the expenditure of a reasonable amount of money in providing proper outlets at the base of their dam."

Plaintiff then alleged that if the city refuses to take necessary steps to relieve this condition, such refusal constitutes an election to convert the use of plaintiff's land, "and the depreciation and loss of the use of the land becomes permanent, and this plaintiff alleges that in said event this plaintiff is entitled to recover damages for the lost value of the land as depreciated thereby, and that the damage and detriment so suffered becomes and is the sum of $7,000, together with interest," etc. Plaintiff then prayed for judgment on the third cause of action "contingent upon the course of conduct of the city in reference thereto in, the sum of $7,000."

Defendant's demurrer to this amended petition was on the ground that it failed to state a cause of action and that all three alleged causes of action were barred by the statute of limitations.

■. The first question is whether the petition states a cause of action. A general demurrer admits the truth of all allegations well pleaded. First National Bank of Ada v. Elam (1927) 126 Okla. 93, 258 P. 892. The theory upon which the action is based is that a natural water course in a defined channel may not be obstructed by a lower riparian owner to the injury of the dominant proprietor without being liable for the damage sustained. Under the rules announced in Chicago, R. I. & P. Ry. Co. v. Groves (1908) 20 Okla. 101, 93 P. 755; Cole v. Missouri, K. & O. Ry. Co. (1908) 20 Okla. 227, 94 P. 540, and Chicago, R. I. & P. Ry. Co. v. Johnson (1910) 25 Okla. 760, 107 P. 662, the allegations in each of the three causes of action are sufficient, if true, to establish liability.

■ Defendant contends that plaintiff in her first cause of action "prays for damages for the loss of use of the property. In other words, temporary damages"; that the second cause of action "prays for damages for the loss of use of property. In other words, temporary damages"; that the third cause of action "prays for permanent damages to realty." It is argued that plaintiff "cannot maintain an action for temporary injury and also for permanent injury to realty. If plaintiff in error could maintain any action at all, it would be either

for permanent injury or for temporary injury, but not for both." In answer to this contention the language in Oklahoma City v. Page (1931) 153 Okla. 285, 6 P.2d 1033, is most appropriate:

"And immediately appears confusion difficult to unscramble, caused by using ambiguous expressions instead of considering what meanings the expressions might have, then considering what bearing the different ideas might have with reference to a temporary nuisance. A nuisance should be called 'nuisance' instead of 'damage.' 'Injury' is often used in a lay sense as meaning 'damage,' but in a legal sense it means 'wrong.' Injury is a wrong, and damage is the result. Nuisance is a wrong, and damage is the result. 'Damages' may indicate a plural effect, but to express that it is usual to use only the singular 'damage' and 'damages' is usually used to express the compensation for damage or damages done."

Whether the nuisance, or injury as defined above, is temporary or permanent depends upon whether the cause of the injury is abatable by the expenditure of labor or money. When a cause of injury is abatable by the reasonable expenditure of labor or money, it will not be held to be permanent. City of Ardmore v. Orr (1913) 35 Okla. 305, 129 P. 867; Pahlka v. Chicago, R. I. & P. Ry. Co. (1916) 62 Okla. 223, 161 P. 544; Oklahoma City v. West (1931) 155 Okla. 63, 7 P.2d 888. Here in each of the three causes of action plaintiff alleges. that the cause of the injury is abatable. In the first two causes of action she seeks to recover for temporary damage, and in the third cause of action she seeks to recover for permanent damage. In the third cause of action plaintiff asks defendant to elect whether it will abate the nuisance, and if it does not desire to abate it, plaintiff seeks to recover "damages for the lost value of the land as depreciated thereby." This allegation is based on the misconception that the nuisance must be permanent in order to recover for permanent damage. There may be items of permanent damage in the case of temporary nuisance. Oklahoma City v. Page, supra; Oklahoma City v. West, supra. Plaintiff, therefore, in her third cause of action has stated a cause of action on a temporary nuisance. But it is not dependent upon the "election" by defendant. The question of whether the nuisance is temporary or permanent is not dependent upon what defendant elects to do, but upon the facts. (See ante.) In fact, the allegation that defendant be required to elect implies that it is abatable

and therefore temporary. If the petition states a cause of action and also contains immaterial allegations, they are properly reached by motion to strike them from the petition. It is apparent that the defendant has used "injury" to mean "damage," and thus contends that there can be no recovery for both temporary and permanent damage. As pointed out, there is no merit to this contention.

■ Defendant contends that the petition "does not show that the injury complained of is abatable." The petition states that the injury can be abated by the construction of an outlet at the base of the dam. It is argued that this would reduce the water supply of the city of Guthrie, and that where the injury cannot be abated except by the reduction of the water supply of a city, a cause of action will lie only for permanent and not for temporary nuisance. The question of whether the nuisance can or cannot be abated is a question of fact to be submitted to the jury under proper instructions. Pahlka v. Chicago, R. I. & P. Ry. Co., supra; Roxana Pet. Corp. v. City of Pawnee (1931) 155 Okla. 141, 7 P.2d 663. Whether the suggested method of abatement will reduce the water supply of the city is a question to be determined by the jury from the evidence submitted, and the allegations of the petition itself are sufficient in this regard.

■ Defendant further contends that the petition is an absurdity for the reason that it states that the high water level of the artificial lake is below the level of plaintiff's land, and therefore it is impossible for water to run up hill and cause the damage complained of. But in the first and second causes of action the complaint is that the lake, even below the level of plaintiff's land, retarded the ordinarily rapid flow of the water across the land to such an extent that the damaging deposits were formed. There is no contention in these two causes of action that the lake itself protruded upon the land, and such an assertion in the third cause of action is based on the alleged "secondary dam." The question is one of proximate cause and is a question of fact for the jury.

■ It is further contended by defendant that there is no duty on a lower riparian owner to keep the channel clean for the benefit of the upper owners. But here the cause of action is not predicated upon the failure to keep the channel clean, but upon the erection of the obstruction. It is also argued that no complaint is made in the petition as to the inadequacy of the present spillway in the dam or as to any wrongful or actionable act or omission on the part of the defendant. Suffice it to say that the language of the petition clearly refutes this contention.

■ Defendant objects to the third cause of action wherein plaintiff seeks to recover for permanent damage, for the reason that the petition does not purport to follow the procedure prescribed by the eminent domain statutes, relying on State v. Johnson (1927) 122 Okla. 241, 254 P. 61, and Kaw Valley Drainage District v. Metropolitan Water Co., 186 Fed. 315. These cases, dealing with the rights and procedure under the appropriate statutes for condemning land for public purposes, are not in point. An action for damages for temporary nuisance caused by the obstruction of a well-defined water course to the damage of the upper riparian owner is an action for a common-law tort. Plaintiff is entitled to recover upon ordinary principles of compensation for damages caused by tortious conduct. Oklahoma City v. Page, supra.

■ The next question is whether the causes of action appear from the petition to be barred by the two-year statute of limitations. Paragraph 3, sec. 101, O. S. 1931. The rule is stated thus:

"The bar of the statute of limitations is set in motion to a cause of action for damages to, or trespass upon, real property caused by the construction of an improvement when the injury occurs. Such an injury may be temporary or permanent. When temporary, the injury occurs at the time of the first damage; when permanent, at the time it becomes obvious that the injury is a permanent one." City of Tulsa v. Springfield Life Ins. Co. (1932) 157 Okla. 218, 11 P.2d 493; City of Tulsa v. Grier (1924) 114 Okla. 93, 243 P. 753; City of Duncan v. Stanley (1928) 133 Okla. 245, 271 P. 422.

(a) The first cause of action seeks recovery for damage sustained to the usable value of the land during the years 1929 and 1930, and the petition alleges that an action was commenced to recover for such damage on September 22, 1930, and was dismissed without prejudice on May 28, 1934. Under section 106, O. S. 1931, if such action was commenced "within due time" and failed otherwise than upon the merits, and the time shall have expired, the plaintiff may commence a new action within one year after such failure. It is alleged that the cause of action in the former suit, so far as the usable value of the

land is concerned, was the same as in this action, and that this action has been brought within one year after the dismissal of the former suit.

The defendant's argument is that if the plaintiff has any cause of action at all, it is an action for permanent damage to the realty. That such cause of action would accrue either at the time of the construction of the dam and reservoir, or not later, in any event, than when the complained of injury became "obviously consequential," and the language of the petition indicates that the dam was constructed many years prior to 1928 and the injury was obviously consequential by that date. It is further argued that section 106, supra, does not apply because the original action itself would be barred by the two-year statute of limitations, and thus was not filed "within due time" as required by the statute, and also that this action is not substantially the same as the former action. But, as heretofore pointed out, the petition seeks to recover for damage from a temporary nuisance. The rule governing this case is expressed: "When temporary, the injury occurs at the time of the first damage." The petition alleges that the former suit was upon the same cause of action as the first cause in this suit, which accrued in 1929 and 1930, and it thus appears that the former suit filed in 1930 was commenced in due time. This action being commenced within a year from the dismissal of that suit, the petition does not reflect that the first cause of action is barred by the statute of limitations.

(b) The damage complained of in the second and third causes of action was alleged to have been sustained within two years prior to the commencement of this action. Likewise the petition does not show on its face that these causes of action are barred.

The demurrer to the amended petition should have been overruled, and the judgment is reversed, with directions to proceed consistently with the views herein expressed.

BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, CORN, and DAVISON, JJ., concur. GIBSON, J., concurs in conclusion. OSBORN, C. J., absent.