## CITY OF STILLWATER v. ROBERTSON et ux.

No. 30827. March 16, 1943.

Rehearing Denied May 11, 1943.

*136 P. 2d 923.*

Ernest F. Jenkins, of Stillwater, for plaintiff in error.

Swank & Swank, of Stillwater, for defendant in error.

PER CURIAM. This action was instituted on July 14, 1941, by John H. Robertson et ux., hereinafter referred to as plaintiffs, against city of Stillwater, a municipal corporation, hereinafter referred to as defendant, to recover damages to real estate which had been sustained as a result of the act of the defendant in 1933 in increasing the height of a dam which had been erected in 1926 to impound a municipal water supply. The defendant pleaded the statute of limitations in bar

of the action. Trial to a jury resulted in a verdict in favor of plaintiffs in which their recovery was assessed at the sum of $1,500. Judgment followed the verdict, and defendant appeals.

The sole issue submitted for determination is whether plaintiffs' cause of action accrued when the height of the dam was increased in 1933 or when the lands of plaintiffs were actually flooded in 1941.

The essential facts involved are not in dispute. In 1926 defendant erected a dam 27.5 feet high on Boomer creek to create a lake and provide a municipal water supply. The lake so created resulted in the taking by the defendant of a portion of a tract of land which was then owned by Samuel E. Teter. The defendant effected a satisfactory settlement with said owner for the damage which resulted from the erection of the aforesaid dam. Thereafter, on April 30, 1927, the plaintiffs purchased the aforesaid lands from Samuel E. Teter, went into possession thereof, erected valuable improvements thereon, and proceeded to make the same their home. The lake which had been created by the original dam proved to be inadequate, and in 1933 the defendant proceeded to increase the height of the dam by approximately two feet in order to impound more water and to provide the inhabitants of said city with a more abundant water supply. The plaintiffs immediately demanded that they be compensated for the injury which they had sustained by the increase in the height of the dam and the appropriation of their lands and damage thereto which would result when the lake should rise to the new level which the increase in the height of the dam was calculated to accomplish. The defendant refused to pay compensation for the injuries thus caused and nothing further was done in the matter. Due to a succession of dry years the lake level dropped instead of rising until the spring of 1941, when abundant rains filled the lake to the level of the dam as it had been raised and thereby flooded and water-soaked a considerable portion of plaintiffs' lands to their substantial damage. Plaintiffs filed formal claim with the defendant for the damage so sustained, and when this was rejected instituted this action.

The parties treated the action as one in trespass quare clausum fregit in the trial court and have briefed in the same manner here. We will therefore dispose of the case upon the issue presented.

As said in Fletcher v. City of Altus, 188 Okla. 342, 108 P. 2d 781:

"Whether a cause of action for injuries resulting from the erection of a permanent public improvement arises upon the completion of the improvement depends upon a determination of the issue of fact as to whether the injuries complained of are the natural result, or may be regarded as obviously consequential, of the erection of such permanent improvement, and such issue of fact should be submitted to the jury for determination, as a prerequisite for determining whether or not such action is barred by the statute of limitations."

And as said in Herwig v. City of Guthrie, 182 Okla. 599, 78 P. 2d 793:

"The bar of the statute of limitations is set in motion to a cause of action for damages to, or trespass upon, real property caused by the construction of an improvement when the injury occurs. Such an injury may be temporary or permanent. When temporary, the injury occurs at the time of the first damage; when permanent at the time it becomes obvious that the injury is a permanent one."

Applying the rules announced in the foregoing cases to the facts involved in the case at bar, it will readily be seen that the injury to plaintiffs' land was permanent and obvious when the height of the dam was raised in 1933, since it was then apparent to everyone that the lake level would thereby in time be raised approximately two feet and thus flood and water-soak any lands of the plaintiffs which would be included in the new lake bed thus formed. The fact

that a number of dry years followed the completion of the structure and delayed the happening of the event which the altered structure was designed to accomplish did not change the situation in the slightest degree. The increase in the height of the dam was intended to raise the water level at the earliest possible moment, and its failure to do so for a number of years was a wholly unexpected consequence; whereas the filling of the lake in 1941 was a wholly expected consequence and what defendant had designed and intended to accomplish at the time the structure was completed. The plaintiffs were aware of this fact and properly demanded compensation of the defendant for the appropriation which it had made of their lands at the time the same occurred, that is, in 1933. Plaintiffs, however, neglected to institute any action to compel payment when same was refused and in so doing for more than two years after their cause of action accrued allowed the bar of the statute to operate to defeat the maintenance of such action thereafter. See, Magnolia Pipe Line Co. v. Polk, 185 Okla. 222, 90 P. 2d 1076; City of Tulsa v. Grier, 114 Okla. 93, 243 P. 753; City of Tulsa v. Springfield Life Ins. Co., 157 Okla. 218, 11 P. 2d 493; Pahlka v. Chicago, R. I. & P. R. Co., 62 Okla. 223, 161 P. 544.

Under the uncontradicted facts as disclosed by the record, we conclude that plaintiffs' cause of action was barred by the statute of limitations (12 O. S. 1941 § 95, subd. 3), and that the trial court erred as a matter of law in not so holding. The judgment of the trial court is therefore reversed, with directions to enter judgment for the defendant.

Reversed, with directions.

CORN, C. J., GIBSON, V. C. J., and RILEY, BAYLESS, HURST, and DAVISON, JJ., concur. WELCH, OSBORN, and ARNOLD, JJ., dissent.