CARTER OIL CO. et al. v. JACKSON.

No. 31206. Dec. 12, 1944.

*153 P. 2d 1013.*

Champion & Champion, of Ardmore, J. W. Dixon, of Marietta, and Edward H. Chandler and Summers Hardy, both of Tulsa, for plaintiff in error.

Ogden & Wallace, of Ardmore, for defendant in error.

PER CURIAM. This is an appeal from a judgment in favor of the defendant in error, hereinafter referred to as plaintiff, in an action brought to recover damages alleged to have been sustained as the result of the pollution of a stream with oil and salt water which had been permitted to escape from oil wells owned and operated by the plaintiffs in error, hereinafter referred to as defendants.

The plaintiff is the owner of 310 acres of land in Love county which is traversed by a small stream known as Walnut creek. The defendants own and operate oil wells located in the Healdton and Hewitt oil fields in Carter county, which oil fields are within the drainage basin of Walnut creek. Some of the wells in the aforesaid fields have been in operation since 1918, and throughout the years oil, salt water, and other refuse has frequently escaped from said oil fields into Walnut creek. Due to an accumulation of silt and debris in Walnut creek a bayou

was formed adjacent to the lands owned by the plaintiff and this bayou rendered plaintiff's land more susceptible to overflow. In 1939, 1940, and 1941 the bayou oveflowed several different times in each of said years and flooded considerable area of the lands belonging to the plaintiff.

Plaintiff in her petition alleged, in substance, that the overflow which had occurred in the last above mentioned years had deposited oil, salt water, and other deleterious substances, which defendants had permitted to escape during said years from their oil wells into Walnut creek, upon the lands of plaintiff, and had destroyed a number of pecan trees, considerable area of pasture land, and certain growing crops and the fertility of some 100 acres of land, all to the damage of the plaintiff in the sum of $22,500, for which sum she prayed judgment. The defendants in separate answers denied that they had permitted oil, salt water, or other refuse to escape from their oil wells or premises during the years involved, and as affirmative defenses to the action plead contributory negligence and the statute of limitations in bar thereof.

Trial was had to a jury. The court limited the recovery of plaintiff to permanent damage which the evidence might disclose she had sustained as a result of the pollution of her lands by salt water. The evidence upon the issue of whether oil and salt water had been permitted by defendants to escape into Walnut creek and whether the damage done to plaintiff's lands had been caused by oil or salt water was in rather sharp conflict. The jury returned a verdict in favor of plaintiff and fixed her recovery at the sum of $2.000. Judgment followed the verdict, and defendants appeal.

The sufficiency of the evidence to sustain the verdict is, in effect, conceded and no complaint is made relative to the amount of the verdict. The sole errors urged as grounds for reversal are the giving of two instructions, the refusal to give four requested instructions, and the failure of the court to sustain the plea of the statute of limitations in bar of the action.

The defendants contend that since they interposed a plea of contributory negligence and there was some evidence introduced thereon, it therefore became the mandatory duty of the trial court to give an instruction on contributory negligence, and that its omission to do so in instruction No. 2 as given by the court constitutes reversible error. And in support of the contention so made defendants cite Lacy v. Wozencraft, 188 Okla. 19, 105 P. 2d 781; Riser v. Herr, 187 Okla. 211, 102 P. 2d 178, and a number of other decisions which are authority for the rule that it is the mandatory duty of the court to instruct upon the tenable legal theories of the respective parties.

In opposition plaintiff contends, first, that the escape of the pollutive substances denotes more than mere negligence to which contributory negligence may be interposed as defense because such escape being in violation of a penal statute, is, in contemplation of law, tantamount to wanton and willful negligence to which, it is urged, on authority of Connor v. Burdine, 120 Okla. 20, 250 P. 109, the plea is not available; and, secondly, that there is no evidence reasonably tending to prove facts from which the alleged duty of plaintiff could be held to spring.

Whether this case turns on the question of negligence and, if so, whether the fact of escape being in violation of penal statute precludes the defense of contributory negligence in all such cases without reference to whether such escape is or is not avoidable, or whether the same sounds in nuisance (Comar Oil Co. v. Hackney, 119 Okla. 285, 250 P. 93), which is actionable without regard to negligence, that may or may not obtain (Helms v. The Eastern Kansas Oil Co., Ltd., 102 Kan. 164, 169 P. 208; Jaggard on Torts, vol. 2, pp. 745, 747; 20 R. C. L. 381) and thus negative the application of the plea of contributory negligence as such, we deem it unnecessary to determine in

this case. The mere fact that there was an obstruction in the stream is not sufficient to warrant the jury in finding it was the duty of plaintiff to have removed the same, and this is especially true if, as asserted in brief of plaintiff and not controverted by defendants, such obstruction was not upon the land of plaintiff but upstream therefrom.

But there was no evidence tending to prove contributory negligence, and an instruction thereon would have been improper. Miller v. Price, 168 Okla. 452, 33 P. 2d 624.

It is next contended that the court should have given requested instruction No. 2, under the doctrine of avoidable consequences or the duty to minimize damages. As supporting this contention defendants cite City of Ada v. Smith, 73 Okla. 280, 175 P. 924; Cities Service Gas Co. v. Eggers, 186 Okla. 466, 98 P. 2d 1114; Comar Oil Co. v. Richter, 127 Okla. 153, 260 P. 60; Carter Oil Co. v. Holloway, 130 Okla. 272, 267 P. 274. An examination of the cited cases will reveal that while they are authority for the rule that a party may not enhance damages by failure to take reasonable steps for his own protection, they are without application to the case at bar.

The duty thus devolving upon plaintiff contemplates the occurrence of the injury or wrong previous to the duty involved, which is not to entail unnecessary damage by neglecting an opportunity to avoid it. In the instant case the alleged failure to minimize is predicated upon an omission that occurred previously to the injury complained of and hence has no application.

It is next contended that the action of plaintiff was barred by the statute of limitations, 12 O. S. 1941 §95. This contention rests upon the fact that there was some evidence to the effect that Walnut creek had been subjected to pollution by oil and salt water through the years following the opening of the Healdton and Hewitt fields, and that the action of plaintiff was therefore barred under the rule relating to permanent structures. As supporting such a contention defendants cite Empire Gas & Fuel Co. v. Lindersmith, 131 Okla. 183, 268 P. 218; City of Duncan v. Stanley, 133 Okla. 245, 271 P. 422; City of Tulsa v. Springfield Life Ins. Co., 157 Okla. 218, 11 P. 2d 493; City of Mangum v. Sun Set Field, 73 Okla. 11, 174 P. 501.

The cited cases have reference to permanent injury. If the damage sought in the instant case were for the pollution of the stream and damage incident thereto, same would be applicable upon proper showing that a cause of action for permanent injury, flowing from an unabatable cause, had accrued more than two years previous to institution of present action. But the action here is for damage to land following overflow and by reason of salt water escaping within two years previous to the action. We have heretofore held that such an action is independent of that for permanent pollution of the stream and does not arise until the damage occurs. H. F. Wilcox Oil & Gas Co. v. Johnson, 184 Okla. 198, 86 P. 2d 51; H. F. Wilcox Oil & Gas Co. v. Murphy, 186 Okla. 188, 97 P. 2d 84; H. F. Wilcox Oil & Gas Co. v. Juedeman, 187 Okla. 382, 101 P. 2d 1050. There is no evidence here of previous damage to the area involved. Furthermore, neither the pleadings nor the evidence present a case for permanent injury nor was the case submitted to the jury by the court on the theory of permanent injury, but solely on the question of damage actually suffered within the statutory period previous to the action, from wrongs occurring within such period.

It is next contended that the court erred in giving instruction No. 7 and in refusing to give defendants' requested instruction of the same number. The instruction given by the court reads as follows:

"In arriving at your verdict and in determining the amount the plaintiff is entitled to, if any, you are told that the measure of damages in this case is the difference between the fair market value of said land at a free and volun-

tary sale immediately prior to the damages alleged and the fair market value of said land at a free and voluntary sale subsequent to the damages alleged in plaintiff's petition."

And the instruction requested by the defendants reads as follows:

"You are further instructed that if the jury finds from evidence that these defendants contributed directly to the pollution of Walnut Bayou Creek and to the land of this plaintiff, that they must then determine whether the injury to said plaintiff's land is permanent or temporary and if they find from their consideration of all evidence that said injury is permanent, then the measure of damages to be a s s e s s e d against these defendants is the value of the land before the injury and its value immediately thereafter; but if they find that said injury to the land is temporary, then the measure of damages to be the difference in the rental value of the land before and after the injury and for the period that said land would be affected by the pollution."

Defendants contend that the vice in the instruction given by the court is a failure to permit the jury to return a verdict for the plaintiff for temporary damages. The plaintiff, having failed to introduce evidence upon which a verdict in her favor for temporary damages could have been based, was relegated to the amount of permanent damages which her evidence would establish. Under these circumstances, we are of the opinion that the instruction given was proper, for had the court given the instruction requested by the defendants it would only have served to confuse and mislead the jury. We hold that under the record here presented the instruction was proper. See H. F. Wilcox Oil & Gas Co. v. Juedeman, supra; Mid-Continent Petroleum Corp. v. Fisher, 183 Okla. 638, 84 P. 2d 22.

The remaining contentions of the defendants, relating to the refusal to give an instruction upon the amount of recovery to which plaintiff would be entitled on claim for damages done to the pecan trees, and an instruction to the effect that if the evidence as a whole failed to make it appear more probable that the plaintiff's injury was caused by the pollution escaping from defendants' well rather than any other cause, then the verdict should be for the defendants. Both of the instructions so requested were properly refused. The first for the reason that the damage to the pecan trees was included in the permanent damage done to the realty and could not be separately compensated, and the requested instruction relative to the burden of proof was fully covered in the general instructions given by the court. In fact, both of the requested instructions were so included, and especially by instruction No. 5, wherein the court instructed the jury that if they found that the trees "were killed by overflow and by silt or by worms eating on the trees, or by any means whatsoever that was not caused by the defendants, then and in that event your verdict should be for the defendants." It is well settled that where the substance of a requested instruction is included in instructions given, refusal to give an instruction in the language requested does not constitute reversible error.

The cause appears to have been fairly tried upon instructions which reasonably and fairly advised the jury upon the tenable legal theories of the respective parties, and no reversible error has been here presented. This being the situation, the judgment will be, and is, affirmed.

CORN, C.J., GIBSON, V.C.J., and OSBORN, WELCH, HURST, and DAVISON, JJ., concur.