CITY OF COLLINSVILLE v. SWISHER.

No. 31853. Oct. 2, 1945.

Rehearing Denied Oct. 16, 1945.

*162 P. 2d 324.*

Hugh Ownby and Clarence A. Warren, both of Tulsa, for plaintiff in error.

A. W. Kelley, of Claremore, for defendant in error.

CORN, J. This is an action by B. L. Swisher against the city of Collinsville to recover for damages to land and growing crops, incurred by the negligent maintenance and operation by the city of its water reservoir, causing the overflow of plaintiff's land. The cause was tried to the jury and a verdict was returned for the plaintiff in the sum of $500. For convenience the parties will be referred to herein as plaintiff and defendant as they appeared in the trial court.

The plaintiff alleged that prior to the year 1941 the city constructed its reservoir and laid a pipe line from it to the Caney river at such levels that when the water rose to a certain point in the river it was forced through the pipe into the reservoir. Somewhere along the line a manhole was constructed to accommodate a cutoff valve, which the city neglected to keep closed, and through this valve and manhole water ran out upon the plaintiff's land overflowing it, and some of the water remaining on the land until the water in the river lowered to where the water standing on plaintiff's land could recede back through the pipe into the river.

It appears from the evidence that the land would not have overflowed but for the pipe line and the negligent maintenance and operation of the cutoff valve through which the water flowed out upon plaintiff's land.

The defendant relies solely upon the two-year statute of limitations as a defense to the action, the reservoir having been constructed many years prior to the time the damage occurred or the action was commenced.

The defendant contends that the limitation began to run at the time of the completion of the construction of the reservoir, and cites in support of such contention City of Okmulgee v. Weimer, 155 Okla. 218, 8 P. 2d 740, and City of Stillwater v. Robertson et ux., 192 Okla. 395, 136 P. 2d 923. In these cases it was held that where an injury is the natural and obvious result of the erection of a permanent improvement, an action therefor accrues at the time the improvement is completed.

A further statement of the rule is set out in paragraph 3 of the syllabus in City of Stillwater v. Robertson, supra, as follows:

"The bar of the statute of limitations is set in motion to a cause of action for damages to, or trespass upon real property caused by the construction of an improvement when the injury occurs. Such an injury may be temporary or permanent. When temporary, the injury occurs at the time of the first damage; when permanent, at the time it becomes obvious that the injury is a permanent one. Herwig v. City of Guthrie, 182 Okla. 599, 78 P. 2d 793."

Under the foregoing authorities the

limitation is set in motion to the action for damages for such injuries as were the natural and obvious result of the erection of the permanent improvements at the time of the completion thereof, but this rule does not apply to such other injuries as subsequently resulted from the negligent maintenance or operation of the improvements, and the limitation as to the latter is set in motion at the time such injuries occur.

The other assignments of error will not be considered, as they are not argued or discussed by the defendant in its brief.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., concur.