George **BANKSTON**

v.

**AETNA CASUALTY AND SURETY CO., HARTFORD, CONNECTICUT.**

**Civ. A. No. 14010, Division "C".**

United States District Court
E. D. Louisiana,
New Orleans Division.
Feb. 24, 1964.

L. B. Ponder, Jr., Amite, La., for plaintiff.

Iddo Pittman, Jr., Hammond, La., for defendant.

WEST, District Judge.

This matter came on for hearing on a former day on the motion of defendant for summary judgment when, after hearing arguments of counsel, the Court took time to consider.

Now, after due consideration of the arguments of counsel, the record herein, and the briefs filed by counsel:

It is ordered that defendant's motion for summary judgment be, and it is hereby granted.

### REASONS

■ Plaintiff, George Bankston, was an employee of Emile J. Courtney, who was a road contractor, doing business as an individual. Plaintiff was hurt when he was struck by a motor grader which was, at the time, owned by Mr. Courtney, and was driven by another employee of Mr. Courtney, one Melvin Henderson. Plaintiff, as a result of the injuries received by him in the course and scope of his employment, received, either from his employer, Mr. Courtney, or through Mr. Courtney's workmen's compensation insurer, benefits under the Louisiana Workmen's Compensation Act. These benefits are, of course, under Louisiana law, exclusive insofar as any recovery of plaintiff against his employer, Courtney, is concerned. In this action, plaintiff sues the defendant, Aetna Casualty and Surety Company, as the insurer of Melvin Henderson, claiming that even though the policy issued by Aetna to Courtney insured Courtney, that it nevertheless also insured Henderson as an omnibus assured, and that thus, Aetna is liable to plaintiff as the insurer of a third party tort feasor, Henderson.

■ If the vehicle involved, the motor grader, is construed to be an "automobile", under this policy, a copy of which is filed in the record hereof, then the plaintiff, under the holding of Stewart v. Liberty Mutual Insurance Co., 256 F. 2d 444 (CA5 1958), cannot recover. The same "cross employee exclusion" is included in the present policy as was included in the Stewart case, and thus, if the accident involved is considered to have been caused by the use of an insured automobile, then there could be no liability against Aetna as the insurer of Henderson, a fellow employee of the plaintiff. If, on the other hand, as contended by respondent, the motor grader involved is not an "automobile" within the meaning of this policy, the same result must be reached. Under the coverage of this policy pertaining to accidents caused by other than automobile accidents, to be an omnibus assured Henderson would have to be a "executive officer, director or stockholder" of the named insured. There is no contention by this plaintiff that Henderson falls into that category, and thus, under these circumstances, Henderson would not be an omnibus assured, and thus Aetna, of course, could have no liability for the negligence of Henderson.

This is simply a case where an employee is injured in the course and scope of his employment, and his recovery, under Louisiana law, is limited to the Louisiana Workmen's Compensation Act. There is some authority under Louisiana law to the effect that this petitioner

might have a cause of action against Henderson individually, as a third party tort feasor, even though Henderson was a fellow employee of plaintiff, but any liability on the part of Aetna would, of course, have to be because coverage is afforded by the policy involved. Clearly under the provisions of this policy, whether the vehicle involved was an "automobile" under the policy or not, no coverage is afforded that could inure to the benefit of this plaintiff. Thus, the motion of defendant for summary judgment must be granted.