CUTRER, Judge.
This is the second of two tort actions filed by the plaintiff, Georgie Bankston. The facts of the case, as are pertinent to this opinion, are as follows: On December 6, 1962, the plaintiff, while employed by Emile J. Courtney, a highway contractor, was struck and injured by a motor grader, owned by Courtney, and operated by another employee of Courtney’s, Melvin Henderson. In both suits the plaintiff alleged that the sole and proximate cause of injuries was the negligence of two of his fellow-employees, Melvin Henderson and Cecil Painter.
On November 7, 1963, the plaintiff filed a tort action in the United States District Court for the Eastern District of Louisiana, New Orleans Division, Bankston v. Aetna Casualty & Surety Co., 239 F.Supp. 124. In this action, plaintiff sued the Aetna Casualty and' Surety Company of Hartford, as the insurer of Melvin Henderson and Cecil Painter under a liability policy issued by Aetna to Courtney. The plaintiff alleged that Henderson and Painter were “omnibus assureds”. The defendant Aetna filed a motion of summary judgment on the basis that its policy with Courtney afforded no such coverage, which motion was granted and plaintiff’s suit dismissed. On the trial of the motion, the court held that Henderson and Painter were not “omnibus assureds” under Courtney’s liability policy with Aetna, and therefore rendered judgment in favor of the defendant Aetna.
From this judgment the plaintiff took an appeal to the United States Court of Appeals, Fifth Circuit, 341 F.2d 299. The judgment of the district court was affirmed at plaintiff’s cost. This judgment is now final.
On December 2, 1963, the plaintiff Banks-ton filed in the Twenty-First Judicial District Court, Parish of St. Helena, this present tort action, naming as defendants The Aetna Casualty and Surety Company of Hartford, as the liability insurer of Courtney, Melvin Henderson and Cecil Painter. From an adverse judgment of the district court sustaining Aetna’s exception of res judicata, the plaintiff has perfected this appeal.
The sole issue raised by this appeal is the correctness of the lower court’s ruling on Aetna’s exception of res judicata.
The doctrine of res judicata is stricti juris and any doubt as to the identity of the claims must be resolved in favor of the plaintiff. As pointed out by the court in International Paper Co. v. Maddox, 5 Cir., 203 F.2d 88:
“‘The doctrine of res judicata in Louisiana is found in Art. 2286 of the LSA-Civil Code of Louisiana, which is as follows: The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing *53 demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality. The Louisiana doctrine is much more restricted than at common law. State ex rel. Puritan Co. v. City of New Orleans, 169 La. 365, 125 So. 273. Its scope is defined and limited by statutory, declaration. Woodcock v. Baldwin, 110 La. 270, 34 So. 440; Smith v. Little Pine Lumber Co., 150 La. 720, 91 So. 165. It is stricti Juris, and any doubt as to the identity of the two claims must be resolved in favor of the plaintiff. Bullis v. Town of Jackson, 203 La. 289, 14 So.2d 1, citing Hope v. Madison, 194 La. 337, 193 So. 666. See also Carter Oil Co. v. Jackson, 194 Okl. 621, 153 P.2d 1013.’”
The question here is whether the facts of this case meet the standards set out above. We hold that they do. A reading of the plaintiff’s petition which he filed in the federal court, and the petition filed in this suit, shows that the two petitions are identical, with the exception that for lack of diversity, the defendant Aetna was the only named defendant in the federal suit. The thing demanded is the same; a money judgment for the commission of a tort by the defendants Henderson and Painter. The cause of action is the same, namely the negligent operation of a road grader by Henderson and Painter. While it is true that in the present suit the plaintiff has joined Henderson and Painter as additional parties defendant, this does not change the status of Aetna. Aetna’s liability is limited by the terms of its policy with Courtney, which liability has been litigated to final judgment in a court of competent jurisdiction. The plaintiff may not relitigate the question of Aetna’s coverage under Courtney’s policy again by the joining of additional party defendants in a new suit.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s cost.
Affirmed.